IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL DEAN MANWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-684-BMJ |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Michael Dean Manwell, brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's denial of disability insurance benefits (DIB) and supplemental security income (SSI). Pursuant to 28 U.S.C. § 636(c), the parties have consented to the exercise of jurisdiction over this matter by a United States Magistrate Judge. The Commissioner has answered and filed the administrative record (AR), and both parties have briefed their respective positions. For the reasons stated below, the Commissioner's decision is affirmed.

**I.    Procedural Background**

Plaintiff filed his applications for DIB and SSI on September 8, 2010. The Social Security Administration (SSA) denied the applications initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. AR 117-133. The Appeals Council denied Plaintiff's request for review. AR 2-7. Thus, the decision of the ALJ became the final decision of the Commissioner and is the decision subject to judicial review.

## II. The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluations process); *see also* 20 C.F.R. §§ 404.1520, 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date, December 31, 2008. AR 120.[1] At step two, the ALJ determined that Plaintiff has the following severe impairments: right knee ACL tear and recurrent meniscal tear, status post surgeries; major depressive disorder; post-traumatic stress disorder; and alcohol abuse, in remission since April 2010. *Id*. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*.

> The ALJ next determined Plaintiff's residual functional capacity (RFC):
>
> After careful consideration of the entire record, the Administrative Law Judge finds that the claimant has the residual functional capacity to perform "sedentary work," as defined in 20 CFR 404.1567(a) and 416.967(a), except that the claimant can only: occasionally climb ramps and stairs, balance, and stoop; never kneel, crouch, crawl, and climb ropes, ladders, or scaffolds; occasionally operate foot pedals and controls with his lower extremities; understand, remember, and carry out simple, routine, repetitive instructions; make only simple work related decisions; deal with only occasional changes in work processes and environment; should be working with things and objects, instead of people, so have no contact with the general public and have only incidental, superficial work-related type contact with co-workers and supervisors, i.e. brief, cursory, succinct communication relevant to the task being performed; and must avoid any fast pace, production pace, assembly line pace type work.

AR 122-123 (footnote defining sedentary work omitted).

---

[1] The ALJ noted that some wages for Plaintiff were posted in 2009, 2010 and 2012. But the amounts of income during these years were insufficient to rise to the level of substantial gainful activity. AR 120.

At step four, the ALJ found that Plaintiff could not perform his past relevant work as a Shipping and Receiving Clerk, Life Support Specialist, or Combat Medic. AR 131. At step five, however, the ALJ, relying on the testimony of a vocational expert (VE), determined Plaintiff could perform other jobs existing in significant numbers in the national economy including Addresser, Surveillance Systems Monitor, and Assembler (Solderer). AR 132. Thus, the ALJ concluded that Plaintiff was not disabled for purposes of the Social Security Act. AR 132-133.

## III.    Plaintiff's Claim

Plaintiff asserts two claims for judicial review: he contends the ALJ failed to consider all of Plaintiff's limitations—specifically Plaintiff's insomnia—when determining Plaintiff's RFC and further contends that the ALJ "improperly reviewed the medical evidence." *See* Social Security Opening Brief [Doc. No. 17] (Pl.'s Brf.) at 6.[2]

## IV.    Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record, or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to

---

[2] Page citations to the parties' submissions reference the Court's Electronic Case Filing (ECF) pagination.

determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

V.  **Analysis**

    A.    **The ALJ's RFC**

Plaintiff contends the ALJ erred in failing to include Plaintiff's insomnia as a separate "severe impairment" at step two. He further contends that the ALJ "neglected to offer any consideration of the functional limitations resulting from Mr. Manwell's insomnia." Pl.'s Brf. at 11.

The Commissioner argues persuasively, however, that the effects of insomnia were included in the ALJ's overall consideration of Plaintiff's Major Depressive Disorder, of which Plaintiff's sleep disturbance was identified as a symptom.

In support of his argument for reversal of the Commissioner's decision, Plaintiff cites this Court's decision in *Wright v. Colvin*, No. CIV 14-1046-W, 2014, 2015 WL 6554349 at *3 (W.D. Okla. October 7, 2015) (Report and Recommendation) *adopted* 2015 WL 6788322 (W.D. Okla. October 29, 2015) (unpublished).

The ALJ's decision in *Wright* is distinguishable from the ALJ's decision in this case. In *Wright*, the ALJ not only neglected to identify the plaintiff's anxiety as a "severe impairment" at step two, but he also failed to mention the plaintiff's anxiety anywhere in the unfavorable decision. The ALJ's oversight required reversal because the ALJ did not include any limitations attributable to the plaintiff's anxiety or demonstrate the lack of such limitations.

4

Unlike the ALJ in *Wright* who omitted all references to Wright's anxiety, this ALJ acknowledged Plaintiff's testimony about insomnia and nightmares, AR 124; 191-192, cited the comments about Plaintiff's problems sleeping that he reported to the consultative examiner, AR 125; 868, and referenced Plaintiff's statements about his inability to sleep made in his adult function report. AR 128; 426-427. Moreover, as discussed in further detail below, "sleep disturbance" is considered a symptom or sign of depression, a fact reflected in the Psychiatric Review Technique form (PRTF). AR 879 (PRTF). Thus, the ALJ's mental RFC assessment, based on medical and opinion evidence in the record, necessarily included the functional effects of insomnia, a symptom of Plaintiff's depression.

### B. The ALJ's Review of the Medical Evidence

Plaintiff challenges the ALJ's review of the medical evidence, specifically, the ALJ's alleged omission of some of the findings made by Kara Rodgers, Psy.D. in her report of the consultative mental examination she conducted on December 15, 2010. AR 785-787. Plaintiff also faults the ALJ for failing to state the weight he was affording Dr. Rodgers' opinions.

The Commissioner responds by addressing the findings in the PRTF completed by Cynthia Kampschaefer, a state agency psychologist. AR 876-892. The Commissioner correctly points out that Dr. Kampschaefer included Dr. Rodgers' findings in the PRTF and that the ALJ expressly stated that he was giving "great weight" to the opinions Dr. Kampschaefer expressed in the PRTF and the mental RFC. AR 129.

At the consultative examination conducted by Dr. Rodgers, Plaintiff reported his trouble sleeping and attributed his insomnia to nightmares. He stated he has difficulty staying asleep and feels tired and lethargic most days. AR 785. Dr. Rodgers stated her opinion that Plaintiff was "functioning poorly on a psychological basis" and that Plaintiff's anxiety seemed "quite severe."

5

She further stated that Plaintiff does not "seem to possess adequate coping abilities to manage his symptoms." AR 786. She diagnosed Plaintiff with Major Depressive Disorder, Severe, Panic Disorder, R/O Agoraphobia and Post-traumatic Stress Disorder. *Id.*

Dr. Kampschaefer reviewed the evidence of record and completed the PRTF and a Mental Residual Functional Capacity Assessment (Mental RFC). AR 876-892; 890-992. Dr. Kampschaefer identified the consultative psychological examination completed by Dr. Rodgers, incorporated Dr. Rodgers' findings in the PRTF, and based the Mental RFC primarily on Dr. Rodgers' report. Dr. Kampschaefer diagnosed Plaintiff with Depressive Syndrome, characterized by sleep disturbance, decreased energy and thoughts of suicide, AR 879; Anxiety-related Disorder, characterized by "recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress," AR 881; and "Panic Disorder, R/O Agoraphobia." *Id*.

In completing the "Part B Criteria of the Listings," Dr. Kampschaefer assessed Plaintiff's restrictions in activities of daily living as moderate; Plaintiff's difficulties maintaining social functioning as moderate; and Plaintiff's difficulties in maintaining concentration, persistence or pace as moderate. AR 886. She then completed a detailed narrative description of Plaintiff's functional limitations, concluding he could perform simple work despite his moderate limitations. AR 888.

In the Mental RFC assessment, Dr. Kamschaefer assessed Plaintiff as markedly limited in the ability to understand and remember detailed instructions; markedly limited in the ability to carry out detailed instructions; and markedly limited in the ability to interact appropriately with the general public. In narrative form, Dr. Kampschaefer explained the types of tasks Plaintiff could still perform, taking into account his functional limitations:

> Claimant can perform simple tasks with routine supervision. Claimant can relate to supervisors and peers on a superficial work basis. Claimant cannot relate to the general public. Claimant can adapt to a work situation.

AR 892. Another agency psychologist, Janet B. Smith, Ph.D., reviewed and affirmed Dr. Kampschaefer's Mental RFC. AR 895.

In sum, the ALJ's RFC assessment is based on substantial evidence in the record as a whole. Moreover, the ALJ adequately discussed all of Plaintiff's mental impairments and their resulting limitations, as embodied in the RFC. Accordingly, the Commissioner's final decision is AFFIRMED.

ENTERED this 17th day of June, 2016.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE